## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUERARD GREENWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDWEST DIVISION-MMC, LLC )<br>d/b/a MENORAH MEDICAL CENTER, )<br>et al., )<br>)<br>Defendants. ) | Case No. 09-CV-2561-JWL-JPO |

### AGREED PROTECTIVE ORDER

The Court now considers the joint request of the parties for entry of a protective order concerning the confidentiality of certain documents and information described below.

Plaintiff Guerard Greenwood ("Plaintiff") is a former employee of Defendant Midwest Division-MMC, LLC d/b/a Menorah Medical Center ("MMC"). Plaintiff alleges age discrimination against MMC and Defendant Aaron Robison ("Robinson") in violation of the Age Discrimination in Employment Act.

Discovery to be propounded by Plaintiff and Defendants may require the disclosure of confidential, personal and/or proprietary information pertaining to the disclosing party(ies) that the disclosing party(ies) contends, and/or may contend, is privileged, confidential, sensitive in nature due to personal privacy issues, and/or not relevant to any issue in this civil action. The disclosing party(ies) wishes to facilitate discovery in this civil action by agreeing to restrict use of such information to discovery, proceedings before this court, preparation for trial and trial of this civil action.

**IT IS HEREBY ORDERED**, pursuant to F. R. Civ. P. 26(c), that the parties' discovery in this civil action as it pertains to Plaintiff and Defendants, any of their agents, directors, officers, shareholders, and employees; will be governed by the following procedures:

The disclosing party(ies) may designate as confidential and subject to this Agreed Protective Order, any of the following types of information and documents, as that term is used in Fed. R. Civ.

P. 34, that it produces for, or discloses to, the receiving party's counsel: (1) personnel documents, employment records or other confidential personnel records and information concerning Plaintiff, Robison and, potentially, other employees of MMC, (2) certain of MMC's policies and practices applicable to Plaintiff's claims, which policies and practices are not made known to the general public, (3) documents concerning the manner in which MMC conducts its business operations, which information is not made known to the general public, and (4) medical records and documents regarding Plaintiff's medical conditions and treatment.

    A.    Such designation will be accomplished by conspicuously designating or labeling the document at the time it is disclosed or produced "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or by an accompanying written designation that such documents are subject to this Protective Order.

    B.    The disclosing party(ies) may designate as confidential, as defined by Fed. R. Civ. P. 26(c)(7), and subject to this *Agreed Protective Order*, any answer or other response to any interrogatory, request for production and/or request for admission. Such designation will be accomplished by so stating in writing at the time such answer or response is served.

    C.    The disclosing party(ies) may designate as confidential, as defined by Fed. R. Civ. P. 26(c)(7), and subject to this *Agreed Protective Order*, any answer to any question asked during the deposition of that party or parties, or any present officer, director, agent, employee, representative or attorney of that party or parties, or the deposition of that party or parties of any past officer, director, agent, employee, representative or attorney who is bound by contract to preserve the confidentiality of information learned in such past capacity. Such declaration will be accomplished by a statement of record by the disclosing party's counsel, or by the deponent at that time in the deposition, that said answer is to be regarded as confidential and subject to this *Agreed Protective Order*.

    D.    Claims of confidentiality will be made only with respect to documents, other tangible things and information that the asserting party has a good faith belief is legally entitled to protection from disclosure under controlling law.

KC01DOCS989437.1    2

E. The documents, answers to interrogatories, responses to requests for production of documents and things and/or responses to request for admissions, and deposition testimony so designated as provided in subparagraph (c) above, all copies thereof and all information contained therein (the "*Confidential Material*" or "*Confidential Information*") will not be disclosed or distributed by the receiving party's counsel or any other person receiving, viewing or hearing the same (except by disclosing party or parties and its/their attorney[s]) to any other person other than:

1. the parties to this case and persons to whom a document directly pertains, provided such persons first are shown a copy of the court's Protective Order and agree to be bound by its terms;
2. counsel for the receiving party or parties;
3. employees of the receiving party's counsel;
4. the receiving party's testifying experts or consultants in this litigation;
5. the Court and its employees;
6. court reporters; and
7. deponents.

F. A party seeking to file any such *Confidential Material* and/or *Confidential Information* with the Court must first file a motion with the Court requesting leave to file the documents or information under seal. Any such motion for leave to seal must comply with Paragraph II.J. of the Court's Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means. No *Confidential Material* or *Confidential Information* may be filed under seal unless and until leave has been granted to file the particular *Confidential Material* or *Confidential Information* under seal. Any such *Confidential Material* and/or *Confidential Information* will not be used by any person (except the disclosing party or parties) for any purpose other than for discovery in this civil action, proceedings before this Court in this civil action, preparation for trial and trial of this civil action.

G. Nothing in this Order shall restrict the right of any party to use any discovery material in any hearing or trial in this case; provided, however, that the parties agree to cooperate

prior to any such hearing or trial to develop appropriate procedures for the protection of confidential material from disclosure to the public. Specifically the parties agree to seek the issuance of an order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony designated as confidential and trial or hearing exhibits designated as confidential shall be subject to the same limitations and restrictions as are provided for confidential material under this Order.

    H. A party's use, disclosure or publication of *Confidential Information* and/or *Confidential Material* at the trial of, or other hearing in, this civil action will not constitute a waiver of the confidentiality of such *Confidential Information* and/or *Confidential Material* or of the disclosing party's parties' right to request of the Court further protection of such confidential material.

    I. A receiving party of *Confidential Information* and/or *Confidential Material* who denies the confidential-information status of the *Confidential Information* and/or *Confidential Material* may file with the Court a "notice of denial confidential-information status" ("Notice") in order to get the matter before the Court. The Notice shall contain a listing of the specific information(s), document(s) and/or material(s) with regard to which the party asserts the denial. With regard to that information(s), document(s) and/or material(s) the receiving party denies are confidential, the disclosing party will have the burden to prove its claim such information(s), document(s) and/or material(s) are, in fact, confidential pursuant to Fed. R. Civ. P. 26(c)(7). All information(s), document(s) and/or other material(s) the disclosing party or parties designate or designates as confidential will be accorded confidential status until such time as the receiving party file(s) a denial as allowed above; if no such denial is filed with regard to information(s), document(s) and/or material(s) designated confidential, the confidential status will become permanent for the purpose of this civil action; with regard to information(s), document(s) and/or material(s) the confidential status of which is denied by the receiving party or parties, such material will be accorded confidential status unless and until the Court may order otherwise as provided above.

    J. Upon the final determination of this civil action (including any appeal), the receiving party's counsel will, within fourteen days thereof, return to the disclosing party's counsel,

KC01DOCS989437.1   4

each of the confidential information(s), document(s) and/or material(s), and all copies and/or excerpts thereof.

      K.      The disclosing party or parties may, by its/their written consent or that of its/their counsel, relieve (and only to the extent of such written consent) any individual and/or entity from any restriction contained in this *Agreed Protective Order*.

      L.      The Court, by further order, may relieve any individual and/or entity from any restriction in this Agreed Protective Order, and nothing will be construed to prevent a party from applying to the Court for such a further order.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Protective Order (Doc. 14) is granted.

**IT IS SO ORDERED**.

Dated this 26th day of February 2010.

              s/ James P. O'Hara
              James P. O'Hara
              U.S. Magistrate Judge

This Order agreed to by:

**BRYAN CAVE LLP**

By: s/ Catesby A. Major
 Catesby A. Major
 1200 Main Street, Suite 3500
 Kansas City, Missouri 64105-2100
 Tel.: (816) 374-3200
 Fax: (816).374-3300

ATTORNEYS FOR DEFENDANTS

**THE LAW OFFICES OF**
**BRIAN R. BARJENBRUCH, LLC**

By: s/ Brian R. Barjenbruch
 Brian R. Barjenbruch
 201 North Spring Street
 Independence, MO 64050
 Telephone: (816) 836-9911
 Facsimile: (816) 836-9913
 Cellular: (816) 668-5323

ATTORNEYS FOR PLAINTIFF